IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **SHERRY T. RODGERS, #263022,** | : |
| Plaintiff, | : |
| vs. | : CIVIL ACTION 10-0279-CG-N |
| **SHERIFF JAMES LOVETTE, et al.,** | : |
| Defendants. | : |

## REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding pro se and in forma pauperis, filed a complaint under 42 U.S.C. § 1983. This action was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). After careful consideration, it is recommended that the claims against defendant State of Alabama be dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), that the claims against defendant Lovette be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted, and that the Court decline to exercise its supplemental jurisdiction over any state-law claims. Thus, it is recommended that this action be DISMISSED in its entirety.

I.      **Second Amended Complaint.**  (Doc. 14).

The complaint before the Court is a court-ordered amended complaint, which supersedes plaintiff's prior complaint (Doc. 1) and amended complaint (Doc. 10) that contained several unrelated claims. (Doc. 6 at 3; Doc. 13). After being ordered to select one claim on which to proceed in this action arising from a single occurrence, along with any closely related claims (docs. 6, 13), plaintiff elected to proceed in his second amended complaint chiefly on a claim for inadequate medical care at the Choctaw County Jail. He names as defendants the State of Alabama and Sheriff James Lovette. (Doc. 14 at 7, sec. III).[1] From September 2, 2006 to December 31, 2008, plaintiff alleges that he was incarcerated at the Choctaw County Jail, Butler, Alabama, as a pretrial detainee.[2] According to plaintiff, prior to his incarceration he was receiving SSI and SSDI benefits from the Social Security Administration because he is a 58 year-old, black male, disabled Vietnam veteran who has been diagnosed with schizophrenia, schizoaffective disorder, depression, and post-traumatic stress disorder at veteran hospitals, and who suffers from physical disabilities. (Id. at 4). Plaintiff claims that he suffered "mental and emotional injury . . . and mental and psychological pain" when he was denied medical care at the jail after he "relapsed to auditory and visual hall[u]cinations . . . . [had] symptoms of 'near death experiences, nightmare and outer

---

[1] Plaintiff was advised that those "persons who are listed as defendants in section III of the complaint are deemed by the Court to be the only defendants to this action." (Doc. 14 at 1, D).

[2] A pretrial detainee's claims are governed by the fourteenth amendment. Hamm v. DeKalb Co., 774 F.2d 1567, 1573-74 (11th Cir), cert. denied, 475 U.S. 1096 (1986). However, the standard for determining if there has been a violation of the fourteenth amendment is the same standard used for determining if there has been violation under the eighth amendment. Id. Thus, the Court will rely on eighth amendment and fourteenth amendment cases interchangeably in its discussion.

body experiences." (Id. at 5). Plaintiff also claims that "[h]e has 3rd degree burns over 90% of his body and face," and five years after the fire caused by "defendant Spears,"[3] plaintiff is in constant pain from nerve damage and was scheduled "to have two more skin grafts at the Burn Center, UNC-Chapel Hill. (Id. at 5-6). Plaintiff adds that he was addicted to crack cocaine and, as a result, needed rehabilitative services. (Id. at 5). Plaintiff maintains that he "used the Choctaw County Jail's sheriff's card to report his illness when he relapsed. . . ." (Id.).

Plaintiff alleges that "Sheriff James Lovette showed deliberate indifference" and "was aware of his medical conditions and still used unnecessary and wanton infliction of pain." (Id.). He further maintains that his medical condition was sufficiently serious so as to require a physician's care. (Id.). As a result of the lack of care, "the quality of [his] life was significantly lowered [and] he experienced poor body image, low self-esteem and was a health risk to self and other[s]." (Id. at 5). Plaintiff requests compensatory,

---

[3] Deputy Clifton Spears is not a defendant to this action as he was not named as a defendant in section III of the second amended complaint. (Doc. 14 at 5). Previously, Spears was referenced in the complaint (Doc. 1 at 5), motion to amend (Doc. 8), and the first amended complaint (Doc. 10) for tasing plaintiff, on May 1, 2006, while plaintiff was holding a container of gasoline, and for causing plaintiff to suffer burns over ninety percent of his body. This claim against Spears, however, would be barred by the two-year statute of limitations because the present action was filed on February 8, 2011, well beyond two years after the incident in 2006. Lufkin v. McCallum, 956 F.2d 1104, 1106, 1108 (11th Cir.), cert. denied, 506 U.S. 917 (1992) (holding the statute of limitations for a § 1983 action arising in Alabama is two years); ALA. CODE § 6-2-38(l).
    Plaintiff also connected two actions, Rodgers v. Lolley, CA 11-0069-CB-B (S.D. Ala. June 9, 2011) (challenging his arrest, extradition, and failure to obtain two skin grafts), and Rodgers v. Spears, CA 11-0070-KD-C (S.D. Ala. Apr. 15, 2011) (claiming excessive force in his arrest and challenging his arrest, extradition, and failure to obtain two skin grafts), which have been dismissed for failure to prosecute.

3

nominal, and punitive damages in the amount of $2.4 million and release from prison. (Id. at 6, 9).

Other claims that plaintiff cursorily raises are that he "feels the food was inadequate, because of weight loss and he was placed in the hole without a hearing [and] his bond was $200,000 dollars, and [he] was not able to seek his own counsel." (Id. at 6).

For plaintiff's specific claims against defendant Lovette, he charges defendant Lovette with "lack of medical care, plac[ing him in the] hole, [serving] poor food, [and] $200,00.00 bond." (Id. at 7). And his claims against defendant State of Alabama are for "false imprisonment, illegal arres[t], extradition, [and] not allowing [him] to get 2 needed skin grafts." (Id.). Some of plaintiff's 2010 medical records from the Department of Veterans Affairs are attached to the complaint. (Id. at 10–24).

## II. **Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).**

Because plaintiff is proceeding in forma pauperis, the Court is reviewing the second amended complaint (Doc. 14) under 28 U.S.C. § 1915(e)(2)(B).[4] Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). A claim is frivolous as a matter of law where, inter alia, the defendants are immune from suit, id. at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist. Id.

---

[4]The frivolity and the failure-to-state-a-claim analysis contained in Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989), was unaltered when Congress enacted 28 U.S.C. § 1915(b)(2)(B) in 1996. Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.), cert. denied, 534 U.S. 1044 (2001). However, dismissal is now mandatory under § 1915(e)(2)(B). Bilal, 251 F.3d at 1348-49.

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 566 U.S. ___, ___, 129 S.Ct. 1937, 1948, 173 L.Ed.2d 868 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 555, 557, 127 S.Ct. at 1965, 1966 (second brackets in original). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 566 U.S. at ___, 129 S.Ct. at 1949.

When considering a pro se litigant's allegations, a court gives them a liberal construction holding them to a more lenient standard than those of an attorney. Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 593, 595-596, 30 L.Ed.2d 652 (1972). However, a court, does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." GJR Investments v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds by Ashcroft v. Iqbal, 556 U.S. ___, 129 S.Ct. 1937 (2009). Furthermore, a pro se litigant "is subject to the relevant

law and rules of court including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir.), cert. denied, 493 U.S. 863 (1989).

**III.    Discussion.**

   **A.  Defendant State of Alabama.**

In order to state a claim under § 1983, a "person" must be named as a defendant. 42 U.S.C. § 1983; see Parratt v. Taylor, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912, 68 L.Ed.2d 420 (1981) (to state a claim under § 1983, a plaintiff must be deprived of a federal right by a "person" acting under color of state law), overruled on other grounds by Daniels v. Williams, 474 U.S. 327 (1986). The State, however, is not considered a "person" for the purpose of a § 1983 action. Will v. Michigan Dept. of State Police, 491 U.S. 58, 109 S.Ct. 2304, 2312, 105 L.Ed.2d 45 (1989) (holding the State and its "arms" are not "persons" for the purpose of a § 1983 action). Thus, the claims against defendant, State of Alabama, are frivolous and are due to be dismissed with prejudice.

An alternate basis for dismissing the claim against defendant, State of Alabama, is sovereign immunity. The Eleventh Amendment's sovereign immunity "prohibits federal courts from entertaining suits by private parties against States and their agencies" in the absence of a state's consent. Alabama v. Pugh, 438 U.S. 781, 781, 98 S.Ct. 3057, 3057, 57 L.Ed.2d 1114 (1978) (ruling the Eleventh Amendment barred an action against the State of Alabama). The two exceptions to sovereign immunity are if the State has waived its immunity or Congress has abrogated the State's immunity. Carr v. City of Florence, Ala., 916 F.2d 1521, 1524 (11th Cir. 1990). Alabama though has not waived its Eleventh Amendment immunity. Pugh, 438 U.S. at 782, 98 S.Ct. at 3057-58 (finding Article I, §

14, of the Alabama Constitution prohibits Alabama from giving its consent and therefore the State of Alabama was entitled to eleventh amendment immunity); Lancaster v. Monroe County, Ala., 116 F.3d 1419, 1429 (11th Cir. 1997) (holding Alabama has not waived its eleventh amendment immunity). Nor has Congress in § 1983 abrogated a state's Eleventh Amendment immunity. Carr, 916 F.2d at 1525 (citing Quern v. Jordan, 440 U.S. 332, 345, 99 S.Ct. 1139, 1147, 59 L.Ed.2d 358 (1979)); Sessions v. Rusk State Hosp., 648 F.2d 1066, 1069 (5th Cir. June 26, 1981).[5] Thus, sovereign immunity is applicable to the claims against defendant State of Alabama and, therefore, the claims against this defendant are frivolous and due to be dismissed for this additional reason.

### B. Defendant Sheriff Lovette.

Plaintiff describes many mental and physical conditions from which he suffers in his second amended complaint and then advises that defendant Lovette "showed deliberate indifference" and "was aware of his medical conditions and still used unnecessary and wanton infliction of pain." (Id. at 5). These are the sum of the allegations concerning defendant Lovette in regard to plaintiff's claim for lack of medical care. After reviewing these allegations against defendant Lovette, this claim against defendant Lovette is due to be dismissed for failure to state a claim upon which relief can be granted.

---

[5] The Eleventh Circuit in Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981), adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

7

A complaint is required to contain "a short and plain statement of the claim," Fed.R.Civ.P. 8(a)(2), possessing "enough heft to sho[w] that the pleader is entitled to relief." Twombly, 550 U.S. at 557, 127 S.Ct. at 1966. While this rule does not require detailed factual allegations, a plaintiff is still "obligat[ed] to provide the 'grounds' of his entitle[ment] to relief' [which] requires more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action . . . ." Id. at 555, 127 S.Ct. at 1964-65. "Factual allegations must be enough to raise a right to relief above the speculative level" and must be sufficient "to state a claim to relief that is plausible on its face." Id. at 555, 570, 127 S.Ct. at 1965, 1974.

A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949. This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. That is, the plaintiff must do more than simply allege misconduct possibly occurred; he must show that he is entitled to relief from a defendant. Id. at 1950.

When reviewing a complaint, a court will view the complaint in a light most favorable to the plaintiff and take as true the factual allegations, but not the legal conclusions couched as factual allegations. Id. at 1949-50. However, a plaintiff's failure to "nudge [his] claim[] across the line from conceivable to plausible[,]" id. at 570, 127 S.Ct. at 1974, will result in the complaint's dismissal. Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) ("[a] complaint may be dismissed if the facts as pled do not state a claim for relief that is plausible on its face.").

8

The substantive elements of a § 1983 medical claim require plaintiff to "allege acts or omissions sufficiently harmful to evidence a deliberate indifference to serious medical needs" in order to state a § 1983 claim. Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976). Thus, plaintiff must establish through his allegations a serious medical need and a deliberate indifference to that need. Burnette v. Taylor, 533 F.3d 1325, 1330 (11th Cir. 2008). Plaintiff's allegations fall short of showing that defendant Lovette was deliberately indifferent, due to the lack of supporting facts.

Plaintiff's allegations of "deliberate indifference" and "unnecessary and wanton infliction of pain" are legal terms. These terms are conclusions that a court reaches based on the facts presented to determine if there has been a violation of the eighth amendment. See Estelle, 429 U.S. at 104, 97 S.Ct. at 291 ("We therefore conclude that deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain'. . . proscribed by the Eighth Amendment.") (quoting Gregg v. Georgia. 428 U.S. 153, 173, 96 S.Ct. 2909, 2925, 49 L.Ed.2d 859 (1976)). These legal terms are not facts. And "aware" is a word with legal significance, but it is also a word that is a conclusion needing facts to support it so the Court can reach the conclusion that defendant Lovette was actually aware of the pertinent facts. However, no facts are provided showing that defendant Lovette was aware (i.e., knew of) of plaintiff and his medical needs.

In order to establish "deliberate indifference," a plaintiff must show that a defendant had "(1) subjective knowledge of a risk of serious harm; (2) disregard of that

risk; (3) by conduct that is more than [gross] negligence." Burnette, 533 F.3d at 1330 (quotation omitted). It is necessary to show that a defendant was "both [ ] aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [ ] must also [have] draw[n] the inference." Id. (quoting Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970, 1979, 128 L.Ed.2d 811 (1994)) (quotation marks omitted and brackets in original). It is not sufficient that the defendant should have perceived the risk but did not. Id. at 1331. Further, a defendant cannot be liable for the actions or inactions of a subordinate. Monell v. Department of Soc. Servs. of New York, 436 U.S. 658, 691-92, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978) (a defendant cannot be held vicariously liable for the acts of an employee under the theory of respondeat superior); Iqbal, 566 U.S. at ___, 129 S.Ct. at 1948 (vicarious liability is not recognized as a theory for recovery under § 1983).

In the present action, plaintiff's allegations do not contain the necessary facts to show that defendant Lovette knew of a "serious" medical need of plaintiff and of the risk that the "serious" need presented, and disregarded the risk "by conduct that is more than [gross] negligence." See Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995, 1000, 117 L.Ed.2d 156 (1992) (It is only those needs that are serious that can be addressed "[b]ecause society does not expect that prisoners will have unqualified access to health care[.]"). Due to the absence of supporting fact allegations, the Court finds that plaintiff has failed to establish that defendant Lovette was deliberately indifferent. Accordingly, plaintiff has failed to state a plausible § 1983 medical claim upon which relief can be granted against defendant Lovette.

In addition to the medical claim against defendant Lovette, plaintiff "feels the food was inadequate, because of weight loss and he was placed in the hole without a hearing [and] his bond was $200,000 dollars, and [he] was not able to seek his own counsel." (Doc. 14 at 6-7). These allegations do not appear to be related to plaintiff's medical claim. Plaintiff was instructed to bring claims related only to a single occurrence. (Doc. 13) Of these conclusory claims, the first and second claims relate to plaintiff's conditions of confinement while the third and fourth claims concern his criminal case. Moreover, these claims have no supporting facts to show a plausible claim entitling plaintiff to relief. Accordingly, they do not state a claim upon which relief can be granted. See Hamm v. DeKalb Co., 774 F.2d 1567, 1575 (11th Cir. 1985 (holding the Constitution only "requires that prisoners be provided reasonably adequate food"), cert. denied, 475 U.S. 1096 (1986); Sandin v. Conner, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995) (finding that an inmate who was confined to disciplinary segregation for thirty days was not entitled to a due process hearing as he did not suffer a grievous loss); Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 2372-73, 129 L.Ed. 2d 383 (1994) (holding that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been" invalidated). Accordingly, the claims against defendant Lovette fail to state a claim upon which relief can be granted and, as a result, they are due to be dismissed from this action.

Finally, plaintiff requests to be released from prison. (Doc. 14 at 9). However, release is not a remedy that is available in a § 1983 action. Rather, "'habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release.'" *See* Abella v. Rubino, 63 F.3d 1063, 1066 (11th Cir. 1995) (quoting Preiser v. Rodriguez, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). This request is, therefore, frivolous.

C. **Supplemental Jurisdiction.**

Plaintiff briefly mentions that "he was subject to cruel and . . . unusual punishment which violated Due Process and violates state and federal law." (Doc. 14 at 5). This is the only reference to state law. To the extent that plaintiff is attempting to bring a state-law claim, the Court declines to exercise its supplemental jurisdiction under 28 U.S.C. § 1367(c)(3) because no federal claims remain in this action. Raney v. Allstate Ins. Co., 370 F.3d 1086, 1089 (11th Cir. 2004) ("We have encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial."); Nolin v. Isbell, 207 F.3d 1253, 1258 (11th Cir. 2000) (recommending that supplemental jurisdiction be declined because there are no federal claims remaining in the action).

IV. **Conclusion.**

Based upon the foregoing reasons, it is recommended that the claims against defendant State of Alabama be dismissed *with prejudice* as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i); that the claims against defendant Lovette be dismissed *without prejudice* pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon

which relief can be granted, and that the Court decline to exercise its supplemental jurisdiction over any state law claims.

The instructions that follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this 24th day of June, 2011.

/s/ Katherine P. Nelson
**UNITED STATES MAGISTRATE JUDGE**

# MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

l.      **Objection**.  Any party who objects to this recommendation, or anything in it, must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[6] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      **Transcript (applicable Where Proceedings Tape Recorded)**.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

/s/ Katherine P. Nelson
**UNITED STATES MAGISTRATE JUDGE**

---

[6] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]"  Fed.R.Civ.P. 72(b)(2).